IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DAVID H WARNER, III,

    Plaintiff,

v.                                                  CASE NO. 1:14-cv-00228-MP-GRJ

CAROLYN W COLVIN,

    Defendant.

_____/

**O R D E R**

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated October 21, 2015. (Doc. 14). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Plaintiff has filed objections at Doc. 16. I have made a de novo review based on those objections.

Having considered the Report and Recommendation, and the timely filed objections, I have determined that the Report and Recommendation should be adopted. Plaintiff raises a single issue in this case, whether the administrative law judge ("ALJ") failed to include all of claimant's work-related limitations arising out of his impairments in the ALJ's hypothetical questions to the vocational expert. Specifically, the plaintiff argues that there was "no mention" of the plaintiff's asserted "moderate inability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; a moderate inability to accept instructions and respond appropriately to criticism from supervisors." Doc. 12 at p. 13.

A review of the hearing decision, however, reveals that the ALJ did indeed mention the assertions regarding those symptoms: the ALJ simply rejected them. First, when considering whether plaintiff's impairments met the Listings, the ALJ opined as follows:

> With regard to concentration, persistence or pace, the claimant has moderate difficulties. Although the claimant has moderate limitations in concentration, persistence, and pace, he was able to catch up with his school work to graduate high school with his classmates. In addition, the claimant was able to participate in college classes until he became noncompliant with his treatment regimen. When the claimant is compliant with his medications, mental status examinations are largely unremarkable for objective evidence of distinct limitations in communication, understanding, comprehension, concentration, or memory functioning.

Doc. 10, ECF attach. 2, PDF p. 22. Likewise, the ALJ noted that "claimant stated that his understanding, memory, sustained concentration, and task persistence were 'okay'." Id. at PDF p. 24. Also, the ALJ set out the opinions of Dr. Ragsdale and Dr. Wise, which support the rejection of the limitations asserted by plaintiff and which state that plaintiff, when compliant with his medications, is able to function adequately in a work environment with infrequent contact with the public. Finally, the ALJ concluded that "[t]he record shows the claimant has a good response to treatment and his symptoms decrease to the point where he can function quite well, evidenced by his ability to finish high school when he was compliant with medications." Id. The ALJ concluded as follows:

> The claimant's credibility regarding the limitations caused by his condition is questionable given the wide variety of activities of daily living he reported being able to perform. He stated he helps with landscaping, keeps his room quite clean, and cares for his hamster. In addition, the claimant is starting community service hours for 8 hours per day. The claimant is immature and appears to rely on his mental health history as a reason he cannot work, although he plans to do his probation to avoid incarceration. There is no indication he cannot do physical work and he engages in activities all day long, though he is somewhat isolated due to lack of transportation. Overall, I find the record simply fails to support a conclusion that the claimant is precluded from performing all work activity.

*Page 3 of 3*

Id. at PDF p. 27.  Simply put, the ALJ did consider the limitations asserted by the plaintiff, and substantial evidence supported the ALJ's decision to reject those asserted limitations.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. The decision of the Commissioner, denying benefits, is AFFIRMED.

**DONE AND ORDERED** this   *10th*   day of February, 2016

 *s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge